Gants, J.
Following a hearing on September 28, 2001, the Board of Appeal on Motor Vehicle Liability Policies and Bonds (“Board of Appeal”) upheld the insurance surcharge imposed on the plaintiff, Patricia Falkowski (“Falkowski”), for being more than fifty percent at fault in an automobile accident that occurred on April 26, 2000. Falkowski initiated this matter by filing a surcharge appeal pursuant to G.L.c. 175, §113(P), contending that the Board of Appeal improperly found her more than fifty percent at fault in that auto accident. All parties have moved for judgment on the pleadings. After hearing, for the reasons stated below, plaintiffs motion for judgment on the pleadings is ALLOWED and defendants’ cross motion is DENIED.
The decision of the Board of Appeal must be affirmed if supported by substantial evidence, that is, such evidence that a reasonable mind might accept as adequate to support a conclusion. G.L.c. 30A, §1(6). The burden rests on Falkowksi to demonstrate that the Board’s decision was not supported by substantial evidence. Merisme v. Board of Appeal of Motor Vehicle Liability Policies and Bonds, 27 Mass.App.Ct. 470, 474 (1989). In reviewing the Board’s determination, I am obliged to give deference to the Board’s experience and expertise in these matters. G.L.c. 30A, §14(7); Fitchburg Gas & Electric Co. v. Department of Public Utils., 394 Mass. 671, 681 (1985) (reviewing Department of Public Works decision under ch. 30A). Accordingly, if the Board of Appeal’s decision is supported by substantial evidence, I may not reverse it even if I would have ruled differently from the Board had I heard the case de novo. Embers of Salisbury, Inc. v. ABCC, 401 Mass. 526, 529 (1988).
According to the Administrative Record, at roughly 4 p.m. on April 26, 2000, Falkowski was driving down Melrose Street in Melrose when she came to the intersection with Lynn Fells Parkway (“the Parkway”), near Melrose High School. She came to a complete stop at the stop sign at the intersection, saw no approaching cars on the Parkway, and proceeded to cross the four lanes of the Parkway. She had nearly crossed the Parkway intersection when the front of a vehicle driven by George Hatch hit her vehicle in the rear passenger side. Hatch had just left the nearby Shell gasoline station and entered onto the Parkway, but had built up sufficient speed by the time of impact that his car caused Falkowksi’s to spin 75 degrees. There was no evidence that Hatch had stepped on his brake in an attempt to avoid the collision.
Under 211 C.M.R. §74.04(08), the operator of a vehicle “shall be presumed to be more than 50% at fault when the operator fails to obey a traffic control signal or sign, or fails to proceed with due caution therefrom, and whose vehicle is thereafter in a collision with another vehicle.” There is no dispute that Falkowksi made a complete stop at the stop sign at the intersection of Melrose Street and Lynn Fells Parkway. Therefore, for this presumption to apply to this case, there must be substantial evidence that Falkowski failed “to proceed with due caution” following her stop when she attempted to cross the Lynn Fells Parkway.
If there were substantial evidence that Hatch had left the Shell station parking lot and entered onto the Parkway before Falkowski entered the intersection, this Court would conclude that there was substantial evidence to conclude that Falkowski had failed “to proceed with due caution" because, then, she would have failed to see Hatch’s car approaching the intersection before she entered it. However, there is not substantial evidence that Hatch had entered onto the Parkway before Falkowski entered the intersection. Falkowski certainly testified that she did not see any car on the Parkway approaching the intersection before she entered it. Hatch did not testify but his accident report prepared for Safety Insurance is part of the Administrative Record. In that report, Hatch wrote:
I came out of the Shell station traveling down Lynnfells Pky towards MHS [Melrose High School). Ms. Falkowski was stopped at the stop sign and I guess she didn’t see me coming and cut across in front of me.
One cannot reasonably infer from this statement that Hatch observed Falkowski stopped at the stop sign while he was driving on the Parkway approaching the intersection. Nor is there anything about the circumstances of the accident that demonstrates that Hatch had entered onto the Parkway before Falkowski entered the intersection. Since the Shell station, from the photographs in the Record, appears to be only a few hundred yards from the intersection and on the side of the road where Hatch was driving, it is certainly possible (indeed probable) that Hatch entered onto the Parkway at a rapid rate of speed after Falkowski had entered the intersection and struck her car just before she had crossed the intersection.
*2 Without substantial evidence that Hatch had entered onto the Parkway before Falkowski entered the intersection, a reasonable factfinder cannot conclude that Falkowski had failed to proceed with due caution. While she should have seen any car on the Parkway approaching the intersection, she cannot be expected to yield to a car at the Shell station that had yet to enter the Parkway. Therefore, even giving due deference to the Board of Appeal, I find that its decision that Falkowski was more than fifty percent at fault in this accident was not supported by substantial evidence. •

ORDER

For these reasons, it is hereby ORDERED that Plaintiffs Motion for Judgment on the Pleadings is ALLOWED and that Defendants’ Cross-Motion for Judgment on the Pleadings is DENIED.